IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Case No.  3:16 CR 153 |
| v. | : | JUDGE WALTER H. RICE |
| **MICHAEL KIRKWOOD** | : | SENTENCING MEMORANDUM |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney's Office for the Southern District of Ohio, hereby files the attached sentencing memorandum.  This brief is based upon the attached memorandum of points and authorities, the files and records in this case, and any further evidence or argument as may be presented at this defendant's sentencing hearing.

Respectfully submitted,

BENJAMIN C. GLASSMAN
United States Attorney


s/Laura I. Clemmens
LAURA I. CLEMMENS (OR 02276)
Assistant United States Attorney
200 West Second Street
Suite #600
Dayton, Ohio 45402
(937) 225-2910
Fax: (937) 225-2564
Laura.Clemmens@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion was served on Counsel of Record this 18th day of August, 2017.

    s/Laura I. Clemmens
    LAURA I. CLEMMENS (OR 02276)
    Assistant United States Attorney

**SENTENCING MEMORANDUM**

**I.**

**INTRODUCTION**

On December 6, 2016, Michael Kirkwood (KIRKWOOD) was charged by Information with one count of possession of child pornography in violation of 18 U.S.C. § 2252(A)(4)(B). (R. 25, *Information*). On January 4, 2017, KIRKWOOD entered a plea of guilty to the Information. (R. 28, *Plea Agreement*). KIRKWOOD is scheduled to be sentenced by this court on August 23, 2017.

The sentencing court is charged with imposing a sentence sufficient, but not greater than necessary to accomplish the goals of sentencing, and is required to consider a number of factors in doing so:

(1) the nature and circumstances of the offense, and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes for the defendant; and
(D) to provide the defendant with needed educational or vocational training; medical care, or other correctional treatment in the most effective manner.

The § 3553(a) factors also include "the need to avoid unwarranted sentence disparities among defendants with similar records found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). so. *See* 18 U.S.C. § 3553(a).

3

II.

**ARGUMENT**

A.  **The United States Agrees with the Guidelines Calculations  Contained in the Presentence Investigation Report (PSR).**

The Presentence Investigation Report correctly calculated the advisory Guidelines in this case.  The Guidelines prescribe an advisory sentencing range of 87-108 months of imprisonment for Mr. Kirkwood's offense conduct.  The Plea Agreement set out a term of imprisonment that the parties agree would be an appropriate disposition, that is, a range of 84-108 months, which includes the advisory guidelines range (R. 28, *Plea Agreement,* PAGEID #63).

B.  **The Section 3553(a) Factors Support Imposition of a Term of Imprisonment Upon Mr. Kirkwood within the Advisory Guidelines Range.**

The section 3553(a) factors call for imposition of a term of imprisonment of 87-108 months.   For a variety of reasons, this defendant has committed a serious offense.  First, he possessed approximately 84 images of children engaged in sexual intercourse with adults.  The production of such images damaged real children, and the continued proliferation of these images on the internet perpetuates the harm.  Further, controlling the production and dissemination of child pornography is of paramount importance, because pedophiles often use child pornography to seduce other children into performing sexual acts.  *See Osborne v. Ohio*, 495 U.S. 103, 111 (1990); *United States v. Grimes*, 244 F.3d 375, 382 (5th Cir. 2001).

Second, KIRKWOOD admitted that, in addition to possessing child pornography, he communicated online via Facebook with a 13 year-old minor female ("MF") in January 2016. (R. 28, *Plea Agreement*, PAGEID#69).  After these communications were brought to the attention of law enforcement, a law enforcement officer assumed the identity of the MF.  (*Id.*) During a period of months, KIRKWOOD attempted to persuade the person he thought was the

4

MF to meet with him to engage in sexual activity (including sexual intercourse).   KIRKWOOD arranged to meet who he thought was MF on June 8, 2016, at a Victoria's Secret store, where he intended to meet her, purchase underwear for her, and engage in sexual activity with her.  (*Id*.) This contemplated conduct is illegal under Ohio Revised Code § 2907.06(A)(4). On June 8, 2016, KIRKWOOD traveled to meet who he thought was MF as agreed, and there encountered law enforcement and was arrested.

When fashioning a sentence for an individual convicted of possession of child pornography, this court routinely addresses the question of whether the defendant poses a danger of committing contact offenses against minors.  Given the conduct admitted by KIRKWOOD in the Statement of Facts, it is clear that he has moved beyond collecting and viewing images of children involved in sexually explicit conduct.   He has admitted to contacting a 13 year-old child and arranging a sexual encounter, and went to meet her before he was apprehended by law enforcement.  He also admitted to "chatting" with "approximately 20 other female girls around the age of 13."  (PSR, ¶ 17).

These admissions indicate that KIRKWOOD poses a genuine risk of committing future crimes involving sexual contact with minors, and his sentence should reflect that danger.  A term of imprisonment within the advisory guidelines range would accomplish the goal of protecting the public from future crimes of the defendant.

KIRKWOOD may well benefit from sex offender treatment, which is offered at a number of locations within the Bureau of Prisons.[1]

---

[1] https://www.bop.gov/inmates/custody_and_care/sex_offenders.jsp

With regard to sentencing disparities, the United States is asking for a sentence within the advisory sentencing guidelines range.[2]  Such a request is designed to reduce the risk of unwarranted sentencing disparities by placing KIRKWOOD on similar footing with other defendants who engaged in similar conduct.  Plainly, no comparison can ever be perfect as facts and circumstances always differ.

## III.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court impose a term of incarceration within the advisory guidelines range of 87-108 months imprisonment.

Respectfully submitted,

BENJAMIN C. GLASSMAN
United States Attorney


s/Laura I. Clemmens
LAURA I. CLEMMENS (OR 02276)
Assistant United States Attorney
200 West Second Street
Suite #600
Dayton, Ohio 45402
(937) 225-2910
Fax: (937) 225-2564
Laura.Clemmens@usdoj.gov

---

[2] 18 U.S.C. § 3553(a)(6) concerns national sentencing disparities, and the Sentencing Guidelines are "good evidence of the national standard." *United States v. Simmons*, 501 F.3d 620, 623, 627 (6th Cir. 2007).