THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | | Case No. 3:16-cr-153 |
| v. | : | |
| MICHAEL KIRKWOOD, | | Judge Walter H. Rice |
| Defendant. | : | |

ORDER OVERRULING MOTION FOR COMPASSIONATE RELEASE OF DEFENDANT MICHAEL KIRKWOOD (DOC. #44) AS MOOT GIVEN DEFENDANT IS NO LONGER INCARCERATED

Before the Court is the Motion for Compassionate Release of Defendant Michael Kirkwood. (Doc. #44). On December 19, 2017, Defendant was sentenced to eighty-four months imprisonment after pleading guilty to one count from the Information. (Judgment, Doc. #39, citing Information, Doc. #25). On October 13, 2021, Defendant filed the Motion under 18 U.S.C. § 3582(c)(1)(A), as amended by the Formerly Incarcerated Reenter Society Transformed Safely Transitioning Every Person Act ("First Step") Act of 2018, Pub. L. 115-391, 132 Stat. 5194. While the Motion was pending, Defendant was released on May 26, 2022.[1] A case becomes moot if "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Murphy v. Hunt*, 455 U.S. 478, 481 (1984) (citation omitted). A motion for compassionate release seeks relief not from the judgment *in toto*, but from the confinement imposed as

---

[1] https://www.bop.gov/mobile/find_inmate/index.jsp#inmate_results (last accessed Jul. 1, 2024)

part of the judgment. "When a prisoner is released from custody, the motion for compassionate release becomes moot because there is no further relief this Court can provide[,]" *United States v. Sanchez*, No. 16-cr-2077, 2021 WL 5999764, *1 (S.D. Cal. Dec. 17, 2021) (collecting cases), and there is no longer a "live" and redressable issue pending before the Court. *See, e.g.*, *United States v. Hernandez*, 845 F. App'x 921, 921 (11th Cir. 2021) (*per curiam*) ("Completion of a prison term moots a challenge to the term of confinement.").

As (Defendant) has completed his term of confinement, his Motion no longer presents a live case or controversy, and the Court is without jurisdiction to hear it. U.S. Const. art. III § 2. Accordingly, the Motion is OVERRULED AS MOOT.[2]

The captioned case remains terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

IT IS SO ORDERED.

July 1, 2024

*(signature)*
WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT

---

[2] Also, the Court, having considered the factors for granting compassionate release set forth in *United States v. Tomes*, 990 F.3d 500, 502 (6th Cir. 2021), concludes that Defendant would not have been eligible for release while he was incarcerated. Defendant's conviction for possession of child pornography and the restrictive special conditions of supervision (Doc. #39, PAGEID 116, 121), and his failure to document his myriad alleged ailments (Doc. #44, PAGEID 142) lead the undersigned to conclude that release would not have been appropriate. 18 U.S.C. §§ 3142(g), 3582(c)(1)(A).

2